[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 616.]

OFFICE OF DISCIPLINARY COUNSEL *v*. MITCHELL.

[Cite as *Disciplinary Counsel v. Mitchell*, 1996-Ohio-118.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction of conspiracy to manufacture marijuana.*

(No. 95-2531—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-44.

_____

{¶ 1} By a complaint filed on June 5, 1995, relator, Office of Disciplinary Counsel, charged, *inter alia*, that respondent, Steven F. Mitchell of Cleveland, Ohio, Attorney Registration No. 0025044, had entered a plea of guilty to one criminal count in the United States District Court for the Northern District of Ohio, Eastern Division, and that he had thereby violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law). Respondent was served with the complaint, and filed an answer admitting most of the allegations charged in the complaint, but also stating that he had not profited from the business alleged in the complaint.

{¶ 2} The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on November 21, 1995. The parties presented a factual stipulation, which established that respondent agreed to establish an indoor hydroponic marijuana cultivation operation with a friend. With respondent's knowledge and assent, the individuals harvested, processed, used, and distributed marijuana through the operation until early 1991, when law enforcement officials seized 138 marijuana plants and equipment.

{¶ 3} Supporting relator's complaint were certified copies of the criminal information against respondent, the plea agreement between the parties, the judgment entry of conviction against respondent (*United States v. Steven Mitchell* [Nov. 17, 1994], United States District Court, Northern District of Ohio, Eastern Division, case No. 1:93CR317, unreported) ordering him incarcerated for the minimum sentence of forty-six months, the order correcting respondent's sentence and reducing his incarceration to a four-month term, and a certified copy of this court's entry indefinitely suspending respondent following his conviction in case No. 1:93CR317. The judgment entry reflects that respondent was convicted of the following felony: one count of conspiracy to manufacture marijuana in violation of Sections 846 and 841(b)(1)(B)(vii), Title 21, U.S. Code.[1] Respondent is currently participating in any early supervised release program for this crime.

{¶ 4} Respondent presented evidence of his treatment for drug and alcohol abuse. Respondent also presented the affidavits of several friends and acquaintances regarding his abilities to practice law and the dramatic change in respondent following his treatment for drug and alcohol abuse.

{¶ 5} Based on the foregoing, the panel found violations of DR 1-102(A)(3), 1-102(A)(4), and 1-102(A)(6). It then recommended the sanction recommended by relator, that respondent receive a two-year suspension, from the time that he notified this court of his conviction (Dec. 13, 1993); that respondent not be readmitted until he had successfully completed his federal probation; and that respondent assume the costs of the proceedings and maintain his CLE requirements. The board adopted the panel's findings and its recommendation.

----

1. Respondent was indefinitely suspended from the practice of law in Ohio on April 5, 1995, for matters related to his conviction in the United States District Court, Northern District of Ohio, Eastern Division, case No. 1:93CR317 on November 17, 1994. (Supreme Court case No. 95-598.)

*Geoffrey Stern*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

*Theodore F. Stebbins*, for respondent.

_____

***Per Curiam.***

{¶ 6} Having reviewed the record, we agree with the board's findings of misconduct, but disagree with its recommended sanction. Accordingly, given the gravity of respondent's crime, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____